**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA GUADALUPE LOPEZ-GARCIA,

      Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 23-2757

Agency No.
A208-577-994

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Petitioner-Appellant Maria Guadalupe Lopez-Garcia, a native and citizen of

Mexico, was ordered removed for being present in the United States without being

admitted or paroled. A year after her removal proceedings became final, Lopez-

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia moved to reopen. She had filed an application for a U-visa in the interim, and she sought administrative closure of her removal proceedings during the pendency of her visa adjudication. The Board of Immigration Appeals (BIA) denied Lopez-Garcia's motion to reopen as both untimely and unmeritorious. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision to deny a motion to reopen for abuse of discretion, *see INS v. Abudu*, 485 U.S. 94, 105 (1988), and we dismiss the petition.

Lopez-Garcia concedes that she did not file her motion to reopen within the 90-day statutory deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). She nonetheless asked the agency to consider her motion based on equitable tolling, the BIA's discretionary authority to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a), or as a matter of prosecutorial discretion. Lopez-Garcia waived her equitable tolling and prosecutorial discretion arguments on appeal, so we address only whether the agency erred in declining to grant sua sponte reopening.

Although "this court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016), the BIA's refusal to sua sponte reopen Lopez-Garcia's removal proceedings was not based on any reviewable legal reasoning. Lopez-Garcia contends that the BIA's denial was premised on a faulty—and reviewable—

decision on the merits of her motion, but the BIA reached the merits as an *alternative* holding, independent from its decision not to grant sua sponte reopening. Because Lopez-Garcia has not shown that her untimely filing is excused, we do not consider the merits of her motion. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020).

**PETITION DISMISSED.**